Submitted June 3, reversed and remanded August 31, 2011

STATE OF OREGON,
acting by and through the
DIVISION OF FAMILY SUPPORT UNIT,
*Petitioner below,*
*and*

Theresa WEISMANDEL-SULLIVAN,
aka Theresa Rose Weismandel,
aka Theresa Rose Sullivan,
aka Theresa Rose Sullivan-Weismandel,
nka Theresa Weismandel,
*Petitioner-Appellant,*

*v.*

Clifford B. SULLIVAN,
aka Clifford Benjamin Sullivan,
*Respondent-Respondent.*

Clackamas County Circuit Court
DR09050694; A145824

263 P3d 1050

Theresa Weismandel filed the brief *pro se.*

No appearance for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

The Multnomah County Circuit Court entered a general judgment of dissolution awarding custody of the parties' three minor children to father but denying child support. The order provided: "Wife will not be obligated to pay child support in the first year. Thereafter, child support shall be calculated based upon the parties' financial circumstances on or about October 1, 2007." Mother appealed the dissolution judgment. This court affirmed the dissolution judgment on April 29, 2009, *Weismandel-Sullivan and Sullivan*, 228 Or App 41, 206 P3d 1141 (2009), and mother requested reconsideration, which we denied. She then petitioned for review of this court's decision in the Supreme Court. The Supreme Court denied review on October 21, 2009. 347 Or 290, 219 P3d 592 (2009).

In the meantime, the dissolution case had been transferred to Clackamas County, because the parties had moved. While the appeal was pending in this court, father filed an application for a modification of the judgment pursuant to ORS 25.089 with the Clackamas County Division of Child Support, seeking an award of child support.[1] On May 27, 2009, the Clackamas County District Attorney filed a petition with the Support Enforcement Division of the Oregon Department of Justice on behalf of father pursuant to ORS 416.425, seeking an award of $369 per month in child support.[2]

Mother requested a hearing, as provided by ORS 416.427. After the hearing, on September 15, 2009, an administrative law judge (ALJ) for the Office of Administrative Hearings determined that the Support Enforcement

---

[1] ORS 25.089(1) allows for the enforcement and modification of a "child support judgment," which the statute defines as "a judgment * * * that provide[s] for past or current monetary support."

[2] ORS 416.425 provides that the obligor, obligee, or party holding the support rights, or the administrator of the Division of Child Support of the Department of Justice (ORS 25.010) "may move for the existing order to be modified." ORS 416.415, in contrast, provides that, if there is no "court order" of child support, the administrator may "issue a notice and finding of financial responsibility." A "court order" is "a judgment or order of any Oregon court that orders payment of a set or determinable amount of support money by the subject parent and does not include an order or judgment in any proceeding in which the court did not order support." ORS 416.400.

Division lacked jurisdiction under ORS 19.270(1) to modify the child support award because of the pendency of the appeal of the dissolution judgment in the Supreme Court. The ALJ dismissed the motion for modification.

On November 27, 2009, father sought a hearing *de novo* of the ALJ's order in the Clackamas County Circuit Court. ORS 416.427(6). Apparently, he did not serve or otherwise notify mother and did not file a certificate of service. Mother learned from the court on December 2, 2009, that a hearing had been set for January 29, 2010. She moved to dismiss due to a lack of personal service or, in the alternative, to postpone the hearing. She contended, further, that the ALJ's order dismissing the motion for lack of jurisdiction should be affirmed.

The court granted mother's motion to postpone, and then held a hearing on March 12, 2010. Determining that the appeal of the original dissolution judgment was no longer pending in the appellate courts, the court rejected mother's contention that the ALJ's order dismissing the matter for lack of jurisdiction should be affirmed, and entered a supplemental judgment modifying the general dissolution judgment to require mother to pay child support of $402. Mother appeals, asserting that the circuit court erred in denying her motion to dismiss the appeal of the administrative decision for lack of service or, in the alternative, in not affirming the ALJ's order dismissing the proceeding for lack of jurisdiction.

Because it is dispositive, we address first mother's contention that the circuit court should have affirmed the ALJ's order dismissing the matter for lack of jurisdiction. As the ALJ noted, pending appeal of a dissolution judgment in the appellate courts, the jurisdiction of another tribunal over issues related to the dissolution is limited. ORS 19.270 provides, generally, that the filing of a notice of appeal vests jurisdiction in the appellate court:

"(1)  The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a)   Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b)   Enforcing the judgment, subject to any stay of the judgment.

"(c)   Deciding a motion for judgment notwithstanding the verdict under ORCP 63.

"(d)   Deciding a motion for new trial under ORCP 64.

"(e)   Deciding a motion for relief from judgment under ORCP 71 B.

"* * * * *

"(5)   Notwithstanding the filing of a notice of appeal, the trial court has jurisdiction:

"(a)   To enter an order or supplemental judgment under ORCP 71 or ORS 19.275, 107.105(4) or 107.452; and

"(b)   To enter an order or supplemental judgment for the purpose of implementing a settlement as allowed by ORS 19.410(3)."

The ALJ correctly held that, because an appeal of the dissolution judgment was pending in the Supreme Court, the Support Enforcement Division had no authority to modify the judgment as it related to child support.[3] Although it is true that, at the time of the hearing in the circuit court, the appeal was no longer pending, the proceeding in the circuit court was a continuation of a proceeding initiated at the administrative level by the district attorney pursuant to ORS 416.427. The fact that review of the administrative order was *de novo* did not allow the court to assume jurisdiction on a basis that did not exist at the time the proceeding was initiated; *de novo* review is, after all, review. We conclude that the circuit court therefore erred in not affirming the ALJ's order dismissing the matter for lack of jurisdiction.

Reversed and remanded.

---

[3] We note that, pursuant to ORS 107.105(4), the circuit court had authority to enter a supplemental judgment to be effective pending appeal.